

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

## No. 07-23-00445-CR

---

### ERVIN JOSE OSORIO MIRANDA, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 64th District Court
Castro County, Texas
Trial Court No. A4209-2205, Honorable Danah L. Zirpoli, Presiding

---

## January 12, 2024

## ORDER OF ABATEMENT AND REMAND

### Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Ervin Jose Osorio Miranda, appeals his conviction for continuous sexual abuse of a young child[1] and sentence to thirty years of confinement. The clerk's record was originally due August 15, 2023, but was not filed.[2] By letter of December 13, 2023,

---

[1] *See* TEX. PENAL CODE ANN. § 21.02(b).

[2] Appellant timely filed a notice of appeal with the trial court clerk on July 8, 2023. The notice of appeal was not forwarded to the Clerk of this Court, however, until December 4, 2023. *See* TEX. R. APP. P. 25.2(c)(1), (e).

we notified the trial court clerk that the record was overdue and directed her to advise this Court of the status of the record by December 27. To date, the clerk has neither filed the record nor sought an extension of time to do so.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the clerk's record;

(2)     why the clerk has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the clerk can complete the tasks within the time the trial court finds reasonable.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a clerk's record and cause that record to be filed with this Court by February 12, 2024.

Should the clerk file the record on or before January 26, 2024, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.